IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Derrick Powell,

Plaintiff,

v.

Commissioner Terra Taylor; Warden John Palmer; Major K. Borem; Captain B. Bibbs; QMHP Kevin Cunningham; Sgt. E. Brown; Lt. Schwarts; Sgt. Perkins; MHO Mattress; Lt. Delk; Major D. Hingleton; Sgt. Adams; Warden Joseph Canning; Melissa Solice; Lt. Ward; Nurse Thomasen; Samantha Burdette; Mrs. Dawkins; CO Luts; Capt. Moss; Sgt. Curry; Sgt. Martinez; Sgt. Roberts; Sgt. Foster; Lt. Pauley; Kathy Wyant;

Defendants.

C/A No.: 4:25-cv-12984-SAL-TER

**ORDER**

Plaintiff Derrick Powell, a Delaware prisoner housed at the South Carolina Department of Corrections ("SCDC"), filed a complaint under 42 U.S.C. § 1983 against several prison officials, and he later amended his complaint. *See* ECF Nos. 1, 22, 33. Prior to filing his amended complaint, Plaintiff was advised that his amended complaint would wholly replace any earlier complaints and must be complete in itself. [ECF No. 26.] Plaintiff filed his amended complaint in February 2026. [ECF No. 33.] And the court authorized the issuance and service of process as to Defendants Cunningham, Wyant, Solice, Perkins, Thomasen, Delk, Adams, Hingleton, Borem, Bibbs, Brown, and Pauley. *See* ECF Nos. 37, 38.

This matter is before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). [ECF No. 38.] The Report recommends summary

dismissal of Defendants Taylor, Ward, Luts, Canning, Mattress, Schwarts, Martinez, Moss, Curry, Burdette, Palmer, Dawkins, Roberts, and Foster because Plaintiff failed to state a claim as to those defendants. *Id.* at 3–7.

Plaintiff was advised of his right to file objections to the Report and timely did so. *See* ECF No. 42. For the reasons that follow, the court adopts the Report and overrules Plaintiff's objections.

**STANDARD OF REVIEW**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *Id.* To trigger *de novo* review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* But a party must do more than state, "I object." *Id.*

Because Plaintiff is proceeding pro se, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**DISCUSSION**

Plaintiff's claims arise from events that occurred on many dates at different correctional institutions within SCDC. *See* ECF No. 33. While Plaintiff adequately pleads claims against many Defendants named in his lawsuit, the Report concludes that, even liberally construed, his amended complaint fails to adequately allege claims against others. *See* ECF No. 38 at 3–7. Plaintiff objects to the dismissal of some, but not all of the named Defendants,[1] so the court will focus on those Defendants identified in his objections. *See* ECF No. 42. The court begins by comparing the allegations in the amended complaint to those more detailed allegations in Plaintiff's objections.

In his objections, Plaintiff states that, on September 7, 2025, Defendants Schwarts and Martinez transported him to the hospital and improperly secured his restraints, causing his handcuffs to become overly tight on his wrists and cut into his skin. [ECF No. 42 at 1.] He claims he "stayed like this wrist bleeding until the next day" when another correctional officer adjusted the restraints. *Id.* But the amended complaint does not include this level of detail. There, Plaintiff

---

[1] Plaintiff's objections do not reference Defendants Taylor, Palmer, Mattress, Canning, Ward, Dawkins, Roberts, and Foster. *See* ECF No. 42. Accordingly, finding no clear error in the Report as to those Defendants, the court summarily dismisses them without prejudice from this action.

alleges only that "Lt Schwarts & Sgt Martinez put Mr. Powell in hard restraints . . . & maliciously did not double lock the cuffs so as soon as Mr. Powell fell over dead the cuffs tightened & were not fixed until the next day in the hospital . . . ." [ECF No. 33 at 8.] The magistrate judge found this level of detail insufficient. *See* ECF No. 38 at 4–5.

Plaintiff further claims in his objections that, on May 6, 2025, Defendant Perkins left him in restraint chains for several hours with handcuffs so tight that his hands turned purple. [ECF No. 42 at 1.] He also claims Defendant Luts "slammed" him and held him face down while Perkins punched him in the back of the head. *Id.* The magistrate judge authorized issuance and service of process against Defendant Perkins based on allegations in the amended complaint that Defendant Perkins punched Plaintiff in the back of the head while he was held in an awkward position in a restraint chair. *See* ECF No. 33 at 7. By contrast, the amended complaint alleges only that, "Co Lutz was also using force to restraint [sic] Mr. Powell," *id.*, which the magistrate judge found insufficient to state a constitutional claim against Lutz, *see* ECF No. 38 at 4–5.

As to Defendant Burdette, Plaintiff alleged in his amended complaint that from May 2025 to October 2025 she denied him medical treatment. [ECF No. 33 at 9.] As explained by the magistrate judge, such general and conclusory allegations do not comply with Federal Rule of Civil Procedure 8 and do not state a claim upon which relief can be granted. [ECF No. 38 at 5.] In his objections, Plaintiff elaborates, alleging he was left bloody and beaten in a room with no mattress and that Defendant Burdette denied him medical attention. [ECF No. 42 at 1.]

Finally, the amended complaint states that Defendants Curry and Moss provided Plaintiff with an altered mattress. [ECF No. 33 at 9.] But the magistrate judge explained this allegation did not rise to the level of a claim of constitutional magnitude, nor did it comport with Federal Rule of Civil Procedure 8. [ECF No. 38 at 5.] In his objections, Plaintiff adds that Defendant Curry

previously carried the mattress into his room. [ECF No. 42 at 2.] He also states Defendant Moss gave orders resulting in Plaintiff being beaten and forced to sleep without a mattress and that Defendant Moss later provided a written statement admitting direct involvement in the incident. *Id.*

Some of the additional allegations Plaintiff makes in his objections could withstand summary dismissal if properly pleaded—for instance, Plaintiff's allegations that Defendant Luts held him down while Perkins assaulted him. *See* ECF No. 42 at 1. But "Plaintiff cannot use his objections to plead new facts not alleged in his complaint." *Vanzant v. Carolina Ctr. for Occupational Health*, Civil Action No. 8:14-cv-03725-RBH, 2015 WL 5039302, at *4 (D.S.C. Aug. 25, 2015). The court is mindful that it "must construe the pleadings liberally and in favor of the strongest arguments they suggest. But that does not mean that the district court becomes the plaintiff's legal advocate; nor does it require the court to conjure up every claim imaginable from the plaintiff's allegations." *Jackson v. Dameron*, -- F.4th --, 2026 WL 860089, at *1 (4th Cir. 2026). In this case, and in another pending case, Plaintiff has been cautioned that an amended complaint replaces the original and must be complete in itself. *See* ECF No. 26; *see also Powell v. Taylor*, 4:25-cv-5080. Nevertheless, the operative complaint here fails to allege sufficient facts to state claims against all named Defendants. While Plaintiff references a desire to raise additional facts as to Defendants Schwarts, Martinez, Luts, Perkins, Burdette, Curry, and Moss, *see* ECF No. 42 at 2, he has not filed a motion to amend accompanied by a proposed amended complaint setting forth all of his claims.[2] For now, based on the operative complaint, ECF No. 33, the court overrules

---

[2] While Fed. R. Civ. P. 15(a) states that "[t]he court should freely give leave [to amend] when justice so requires," a plaintiff's ability to amend is not without limit. *See Ofori v. Clarke*, Civil Case No. 7:20-cv-00343, 2022 WL 2904878, at *1 (W.D. Va. July 22, 2022) ("[The plaintiff' seems to be under the impression that he may submit an unlimited number of amended complaints, at his leisure and on his own timetable. But that is not what the federal rules contemplate."); *Hair*

Plaintiff's objections and summarily dismisses without prejudice those Defendants against whom Plaintiff has failed to state a claim.

## CONCLUSION

For the reasons above, the court **ADOPTS** the Report, ECF No. 38, and partially dismisses the amended complaint, ECF No. 33. Defendants Taylor, Ward, Luts, Canning, Mattress, Schwarts, Martinez, Moss, Curry, Burdette, Palmer, Dawkins, Roberts, and Foster are **DISMISSED WITHOUT PREJUDICE**.

As a general rule, a plaintiff may not "supplement" his pleading in order to add allegations, claims, or demands for relief in various places throughout the record. *See e.g.*, *Walling v. State Accident Fund*, No. 2:15-cv-4448-DCN-BM, 2016 WL 7626172, at *2 (D.S.C. Feb. 8, 2016), *adopted*, 2016 WL 7508234 (D.S.C. Feb. 29, 2016), *appeal dismissed*, 668 F. App'x 39 (4th Cir. Aug. 22, 2016) (prohibiting plaintiff from amending his pleading via "a running commentary about his case" and "a drawn out series of amendments"); *McClary v. Searles*, No. 3:15-cv-77-FDW, 2015 WL 2259312, at *1 n.1 (W.D.N.C. May 13, 2015) ("A plaintiff may not amend a complaint in piecemeal fashion by merely submitting additional factual allegations."). Nevertheless, **if Plaintiff wishes to supplement his amended complaint with more detailed allegations as to the dismissed defendants, the court will allow him to file a supplement to the current amended complaint, and those documents may be considered as one pleading moving**

*v. Jones*, Civil Action No. 2:18-01583-HMH-MGB, 2018 WL 11677801, *2 (D.S.C. Dec. 5, 2018) ("[A] piecemeal amendment is not allowed. In other words, Plaintiff may not continually 'supplement' his pleadings in order to add allegations, claims, or demands for relief in various places throughout the record."). It is clear Plaintiff has the capacity to adequately allege his claims. It is unclear why he has not provided an amended complaint that is complete in itself.

**forward**.[3] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that courts must construe *pro se* pleadings liberally to allow for the development of a potentially meritorious case). **The supplement must be a single filing, and it must be submitted within 30 days of the date of this order.**

This matter remains referred to the magistrate judge.

**IT IS SO ORDERED.**

Sherri A. Lydon
United States District Judge

August 31, 2026
Columbia, South Carolina

[3] The court warns Plaintiff that moving forward**, he may not continue to add claims to the Complaint by submitting piecemeal, supplemental filings**. Rather, he must comply with Rule 15 of the Federal Rules of Civil Procedure to amend his pleading.